## Passage of Zoning Ordinance

*Thomas M. Twardowski,* for appellants.

*Edward H. P. Fronefield,* for Township of Thornbury.

*John P. Trevaskis, Jr.,* for Intervenor.

DeFURIA, J., October 30, 1970.—We have before us the township's motion to quash the appeal of ap-

pellants to this court taken pursuant to the provisions of the Pennsylvania Municipalities Planning Code (hereinafter referred to as MPC).

The township maintains that procedural questions involved in the adoption of an ordinance must be challenged in the Court of Quarter Sessions (now the Court of Common Pleas) in accordance with the provisions of the Second Class Township Code of May 1, 1933, P. L. 109, as amended, cl. XLI of art. VII, sec. 702, 53 PS §65741.

Appellants and the intervenor hold that the appeal to this court was properly filed under section 915 of the MPC, 53 PS §10915, which became effective on January 1, 1969.

Our court has for disposition several cases from various municipalities dealing with the identical or closely related issues.

In Thomas J. Bradley et al. v. Township of Radnor, misc. Q. S. dkt. no. A31, p. 77, December sessions, 1969, opinion filed October —, 1970, plaintiffs, seeking to attack procedural defects in the adoption of a zoning ordinance, filed a *complaint* with this court under the provisions of the First Class Township Code. There was no objection by the township or the intervenor, but the court felt constrained to note that the procedure adopted by plaintiffs was correct, since it is questionable that consent or nonobjection can confer jurisdiction.

In Ardmore Manor Civic Association v. Township of Haverford, 51 D. & C. 2d 417, we dismissed preliminary objections contesting the propriety of a *complaint,* pursuant to the First Class Township Code, filed with our Court of Common Pleas objecting to the procedure used by Haverford Township, a first class township, in adopting a zoning ordinance.

The instant case involves a second class township, with an *appeal* filed to our court under the provisions

of the MPC questioning the procedure involved in the adoption of a zoning ordinance.

Since, as we later note, the appeal provisions of the First Class Township, Second Class Township and Borough Codes are cognate and correlative, our decision in the Haverford Township case, supra, is determinative.

On August 4, 1969, the Board of Supervisors of Thornbury Township adopted, effective August 9, 1969, an amendment to its zoning ordinance creating a new commercial district.

On August 29, 1969, appellants filed an appeal with the zoning hearing board of the township pursuant to section 910 of the MPC, 53 PS §10910, raising several alleged procedural irregularities: lack of a comprehensive plan; improper and lack of notices; improper advertisement; lack of a planning agency and submission of the proposed amendment to it prior to the public hearing.

Appellants do not dispute that their allegations relate exclusively to alleged defects in the process of enactment of the amendment.

The zoning hearing board held a public hearing on October 27, 1969, and, on December 9, 1969, issued its report and findings of fact with respect to the procedure followed.

In its last finding, the zoning hearing board indicated its uncertainty on the question whether or not it had a right to hold such hearing, and reserved that question for determination by the court.

On January 5, 1970, appellants filed the within appeal with the Court of Common Pleas of Delaware County, in which they allege that the zoning amendment was illegal, arbitrary and contrary to law in that it was:

(a) Not passed pursuant to any comprehensive plan, and that such a plan did not exist;

(b) Passed without proper and adequate notice;

(c) Enacted despite lack of a township planning commission as required by the MPC;

(d) Was enacted without submission to a planning agency 30 days prior to the public hearing, as required by the MPC.

Therefore, of record, we find:

1. The adoption of a zoning amendment by a second class township on August 9, 1969 (effective date).

2. An appeal to the Court of Common Pleas on January 5, 1970, pursuant to the MPC, raising alleged procedural defects in the process of enactment of the amendment.

The township avers that the appeal procedure used by appellants under the MPC, via the zoning hearing board and then to this court was improper and illegal; that for procedural irregularities a complaint must be filed directly in the Court of Common Pleas within 30 days of the action of the township.

The confusion in this and like cases arises because the comprehensive new planning code overlaps, changes and repeals certain provisions of the municipal codes.

As we pointed out in the Haverford case, the Supreme Court in Roeder v. Hatfield Borough Council, 439 Pa. 241 (1970), decided July 2, 1970, and reported in the September 4, 1970, Advance Reports, explicated the provisions of the MPC and the various municipal codes in reference to the proper method of attacking procedural and substantive defects in zoning amendments.

Essentially, Roeder, at page 246, indicates that:

1. For challenges to the procedure involved in the adoption of an ordinance, the appropriate section of the municipal code must be followed. A complaint must be filed with the Court of Common Pleas within

30 days. "The purpose of sections such as 1502 (First Class Township Code), 702 (Second Class Township Code) and 1010 (Borough Code) is to provide a fast and efficient method of questioning the procedure involved in the adoption of an ordinance."

2. For challenges to the substantive validity of an ordinance, the procedure set forth in section 910 of the MPC must be followed by appealing to the Court of Common Pleas when the case is ripe for judicial intervention, i.e., usually, after the issuance of a building permit.

3. The function of the zoning hearing board is "to prepare a record if special issues of fact or interpretation exist which have not been determined at a hearing before another competent agency or body": Roeder v. Hatfield Borough Council, supra, p. 247. These issues must be raised before the zoning board within 30 days of the effective date of the ordinance. (MPC, sec. 915.)

"Even though the MPC thus creates a statute of limitations, it does not create a formal procedure by which such questions may be raised. As section 910 explicitly states . . . the (zoning) board has no power to pass on the validity of an ordinance . . .": Footnote, p. 246, Roeder v. Hatfield Borough Council, supra.

Therefore, it would appear that:

For procedural defects, a complainant must follow the municipal code, here section 702 of the Second Class Township Code, and file his *complaint* within 30 days of the effective date of the ordinance in the Court of Common Pleas. He may also, if he desires to raise special issues of fact or interpretation, appeal to the zoning hearing board, within the same time limitation, which board will then prepare a record for consideration by the court.

For substantive defects, a complainant must file

his *appeal* with the Court of Common Pleas at any time such issue is ripe for determination; ordinarily, when a building permit is issued.

If the future appellant desires to make a record on special issues of fact or interpretation, he must appeal within 30 days of effective enactment with the zoning board in order to preserve a record. However, such special issues of fact cannot encompass substantive claims, which the zoning board under section 910, MPC, cannot hear, nor may they cover procedural defects, which must go directly and quickly, within 30 days, to the Court of Common Pleas.

Complaints about the MPC are manifold, and any more from the occasional reader of this opinion will reach sympathetic but impotent ears.

The unfortunate appellants admit the effect of Roeder, supra, but remark that the Supreme Court overlooked the point that, when section 915 is read in conjunction with section 910, a formal procedure has been created to challenge procedural defects before the zoning board.

Appellants offer the Unger v. Hampton Twp., 437 Pa. 399, 406 (1970), case as authority for the proposition that procedural attacks on the validity of an ordinance to involve questions of fact which the zoning hearing board should have a chance to develop and resolve in its fact-finding role preparatory to a later appeal to court, if necessary.

The Unger case was decided on March 20, 1970, opinion by Mr. Justice Pomeroy, with Mr. Justice Roberts concurring only in the result. We note that the Supreme Court decided the Roeder case on July 2nd, only a few months later. We further note that in Roeder both Mr. Justice Roberts and Mr. Justice Pomeroy dissented.

In Unger, however, the issue was the appropriateness of mandamus. The Supreme Court held that

mandamus was not the proper remedy. In passing, page 406, the court remarked that under either statute (the local code or the MPC) an adequate remedy was furnished. In Roeder, the court decided that the MPC was to be used for appeals questioning substantive validity, and that a complaint via the municipal code for procedural defects was to be used, and either to be filed with the Court of Common Pleas.

The zoning hearing board is in limbo, an advisory appendage, created, we must remember, by the Legislature. While Justice Pomeroy in Unger, page 406, tries to salvage some function for the zoning hearing board, the Roeder case set definite limits upon its functions, which were in no way determinative of the method of appeal to be used.

While not necessary for decision, a review of appellants' allegations show them to be without merit. Proper notice appears of record. The provisions of the MPC allegedly violated are directory only.

We are therefore constrained to hold that appellants did not pursue the proper remedy under the Second Class Township Code to raise procedural defects in the process of enactment of the zoning amendment, and that the motion to quash the appeal must be sustained.

Wherefore, we enter the following

## ORDER

And now, October, 30, 1970, the motion of the Township of Thornbury to quash the appeal is sustained and granted, and appellants' appeal dismissed.